FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 25 2011

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| THEOS ENTERTAINMENT INTERNATIONAL, LLC | ) ) ) |
| Plaintiff, | ) ) ) ) ) ) |
| vs. | ) ) |
| WACHOVIA BANK, N.A., a corporation, KEVIN PAPPAS, an individual, AMANDA ADAMS aka AMANDA BROOKE ADAMS, aka BROOKE ADAMS, individually and as an employee of Wachovia, and AMANDA HICKEY, individually and as an employee of Wachovia, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO.

# 1:11-CV-2432

**CIVIL COMPLAINT FOR DAMAGES**

**PLAINTIFF DEMANDS TRIAL BY JURY**

JUDGE_____

## COMPLAINT

Plaintiff Theos Entertainment International, LLC ("Theos"), by through its undersigned counsel, brings this Complaint against Defendants Wachovia Bank, N.A. ("Wachovia"), Kevin Pappas ("Pappas"), Amanda Adams ("Adams"), and Amanda Hickey ("Hickey"), and alleges as follows:

## SUMMARY AND NATURE OF THE ACTION

1.

Theos brings this action against Defendants alleging ten counts: breach of contract against Wachovia; gross negligence and breach of fiduciary duty against Wachovia and Hickey; fraud against all defendants, violation of 18 U.S.C. §1962(c) against all Defendants; violation of 18 U.S.C. §1343 against all Defendants; violation of 18 U.S.C. §1344 against all Defendants; violation of 18 U.S.C. §650 against all Defendants; violation of 18 U.S.C. §656 against all Defendants; violation of 18 U.S.C. §1030 against all Defendants; and violation of O.C.G.A. §16-14-4(a)&(b) against all Defendants.

2.

Theos maintained commercial accounts at Wachovia for the purpose of depositing funds to be used in conjunction with their business dealings.

3.

Wachovia and Hickey knowingly, willfully, and wantonly approved multiple unauthorized transactions, in contravention of banking standards, and permitted the embezzlement of funds rightfully belonging to Theos.

4.

Wachovia and Hickey were grossly negligent and breach a legal duty owed to Theos to safeguard funds being held by in commercial accounts maintained at Wachovia.

5.

Upon information and belief, Defendants Wachovia, Adams, Hickey, and Pappas conspired to unlawfully embezzle monies belonging to Theos.

6.

Theos brings this action to recover substantial compensatory and punitive damages caused by Defendants' wrongful conduct and to obtain any other relief that this Court deems equitable and appropriate, including costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7.

The Court has subject matter jurisdiction over this action pursuant to federal question under 18 U.S.C. §§1961-68, 18 U.S.C. §1343, 18 U.S.C. §1344(2), 18 U.S.C. § 650, 18 U.S.C. § 656; 28 U.S.C. §1331, and 28 U.S.C. §1332. Pursuant to 28 U.S .C. § 1367, this Court has supplemental jurisdiction over the state law claims.

8.

Diversity subject matter jurisdiction exists over this suit pursuant to 28 U.S.C. §1332, conferring federal jurisdiction over all civil actions involving (a) matters in controversy that exceed the sum or value of $75,000, exclusive of interest and costs, and is between  (b) parties where any Plaintiff has a different citizenship from any Defendant.

9.

Venue is proper in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §1391, 28 U.S.C. §1332 and 18 U.S.C. §1965(a), in that Defendant Wachovia Bank, N.A. systematically conducts and transacts substantial business in this state and District, as a licensed bank operating in the State of Georgia and has an agent within the State of Georgia. Furthermore, Defendant Wachovia has committed tortious acts within the state; and regularly does or solicits business, or engages in other persistent course of conduct or derives substantial revenue from services rendered in this state .The causes of this action occurred in this District as Plaintiff Theos Entertainment International, LLC, is an inactive limited liability company formed within Georgia that had conducted substantially all of its business from its principal place of business in Fulton County, GA.

10.

Venue is proper in this Court under 18 U .S .C. § 1965 because this is a civil action arising under the Racketeer Influenced and Corrupt Practices Act, 18 U .S .C. § 1961, *et seq.,* and the Defendants transact their affairs in this District. Venue is also proper in this Court under 28 U .S .C. § 1391(a)(2) because Defendants have caused tortious injury within the Northern District of Georgia, and because a

substantial part of the events giving rise to the claim occurred in Fulton County, Georgia.

## PARTIES

### 11.

Plaintiff Theos Entertainment International, LLC (hereinafter "Theos") is a limited liability company who was engaged in business throughout the nation. Plaintiff Theos conducted business throughout the nation, however, their principal place of business was located at 303 Atlanta, Road, Cumming, GA 30040.

### 12.

Defendant Kevin Pappas (hereinafter "Pappas") is a resident of Georgia and may be served at his residence; 5075 Broughton Street, Roswell, GA 30075, and once served he is subject to the jurisdiction of this Honorable Court.

### 13.

Defendant Wachovia Bank, N.A. (hereinafter "Wachovia") is a federally chartered bank with their principal place of business at 301 S. College Street, Suite. 4000, Charlotte, NC 28288-0013.  They may be served through their registered agent in Georgia, Corporation Service Co., at 40 Technology Pkwy, Suite 300, Norcross GA 30092, and once served they are subject to the jurisdiction of this Honorable Court.

### 14.

Defendant Amanda Brooke Adams, a/k/a, Amanda Adams, a/k/a Brooke Adams (hereinafter "Adams") is a resident of Georgia and a former employee of Wachovia Bank N.A. and may be served at her residence; 225 Westbury Ln., Alpharetta, GA 30005 and once served she is subject to the jurisdiction of this Honorable Court.

15.

Defendant Amanda Hickey (hereinafter "Hickey") is a resident of Georgia and former employee of Wachovia Bank N.A. and may be served at her residence; and once served she is subject to the jurisdiction of this Honorable Court.

## FACTS AND COMMON ALLEGATIONS RELEVANT TO ALL COUNTS

16.

Theos is an entertainment company engaged in the business of creating and producing various projects across many different mediums including, but not limited to film, television, and literary.

17.

Theos was funded through various private sources.

18.

At all times relevant, Theos maintained commercial deposit accounts with Wachovia.

19.

Theos maintained a corporate structure in which their CFO, Gerald Fleming, was to be the only person authorized to transact any business with regards to funds being held in any commercial deposit account, including those accounts maintained and serviced by Wachovia.

20.

From the time period between July 23, 2009 and August 9, 2009, Wachovia, Hickey, and Adams knowingly, willfully, and wantonly allowed numerous unauthorized withdrawals from Theos' deposit account #xxxx-1679.

21.

On or about August 8, 2009, Wachovia, Hickey, and Adams allowed Pappas to close Theos' account #xxxx-1679 without proper authorization and permitted all funds being held in account #xxxx-1679 to be transferred to a newly opened deposit account, account #xxxx-8486, without any authorization from Plaintiff Theos.

22.

On or about August 11, 2009, Wachovia and Adams were notified by Gerald Fleming of the previously permitted unauthorized transaction on account #xxxx-1679 and were put on notice that Gerald Fleming was the only person that should be allowed to authorize any transaction involving commercial deposit accounts maintained by Theos.

23.

On or about August 28, 2009, Gerald Fleming executed a superseding signature card for account #xxxx-8486 that made him the sole signatory on account #xxxx-8486.

24.

Despite repeated efforts on the part of Theos to inform Wachovia of unauthorized transactions with regards to accounts maintained by Wachovia, Wachovia and Hickey continued to knowingly, willfully, and wantonly approve unauthorized transactions from account #xxxx-8486 between August 28, 2009 and October 7, 2009.

25.

Wachovia is vicariously liable for the acts and/or omissions of its employees for their actions taken in the due course of their employment.

26.

Theos has been harmed and the actions of Wachovia, Hickey and Adams were the proximate cause of the damages suffered by Theos.

## COUNT ONE

### Breach of Contract against Wachovia Bank, N.A.

27.

Plaintiff Theos incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28.

That on July 23, 2009, Theos' CFO, Gerald Fleming, executed a superseding signature card on behalf of Theos with Wachovia for account #xxxx-1679.  (See Exhibit 1)

29.

That the signature card was incorporated into the Deposit Agreement between Theos and Wachovia.

30.

That the signature card was updated by Hickey.

31.

That as of July 23, 2009, Theos' CFO, Gerald Fleming, was the only person authorized to transact business on account #xxxx-1679.

32.

That pursuant to the Deposit Agreement, Wachovia had a duty to honor the signature of Gerald Fleming for the payment of funds or the transaction of other business related to the Theos' accounts.

33.

That Hickey knowingly, willfully, wantonly, and improperly approved numerous unauthorized withdrawals and/or transfers from account #xxxx-1679. (See Exhibit 2)

34.

That on or about August 8, 2009, Adams improperly closed account #xxxx-1679 and allowed funds totaling $116,215.48 to be transferred, without proper authorization, to a new Wachovia account, #xxxx-8486. (See Exhibit 3)

35.

That on or before August 11, 2009, Wachovia allowed a new signature card to be executed by Pappas despite objections from officers of Theos. (See Exhibit 4)

36.

That Hickey and Adams breached the bank's duty to adhere to the Deposit Agreement and Signature Card by willfully, wantonly and knowingly allowing a non-authorized person to conduct unauthorized transaction on account #xxxx-1679, allowing a non-authorized person to close account #xxxx-1679, and allowing a non-authorized person to conduct transactions on account #xxxx-8486.

37.

That on or about August 28, 2009, Theos' CFO, Gerald Fleming, executed a second superseding signature card on behalf of Theos for account #xxxx-8486. (See Exhibit 5)

38.

That Gerald Fleming was the only person authorized to transact business on account #xxxx-8486.

39.

That from August 28, 2009 to October 7, 2009, in violation of the Deposit Agreement and Signature Card, Wachovia and Hickey continued to willfully, wantonly and knowingly approve numerous unauthorized withdrawals from account #xxxx-8486. (See Exhibit 6)

40.

That as a result of the willful and wanton breach by Wachovia and Hickey, Theos suffered substantial compensatory damages.

WHEREFORE, with respect to Count One, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Hickey, and Adams in amount sufficient to compensate Theos for its actual damages; (b) award Theos punitive damages as a result of Wachovia's willful, wanton, and malicious misconduct; (c) afford Theos a trial by jury; and (d) grant Theos any other relief that this Court deems just and proper.

## COUNT TWO

### Gross Negligence and Breach of Fiduciary Duty

### (against Wachovia, Hickey and Adams)

41.

Theos incorporates by reference Paragraphs 1 through 40 as if fully set forth herein.

42.

That Wachovia and Hickey owed a legal duty to Plaintiff based upon the Depositor-Bank relationship.

43.

That Wachovia and Hickey had a duty to exercise ordinary care in processing customer account transactions.

44.

That Wachovia, Adams and Hickey were grossly negligent in breaching said duty by:

- Failing to adhere to the Deposit Agreement;

- Failing to honor the Account Signature Cards;

- Failing to verify the signature of the endorser;

- Failing to adhere to the Theos' Operating Agreement;

- Knowingly approving withdrawals from someone other than the endorser;

- Knowingly approving numerous unauthorized withdrawals;

- Improperly closing account #xxxx-1679;

- Improperly transferring funds;

- Improperly opening new account #xxxx-8486;

- Knowingly and willingly allowing a non-signatory to make withdrawals;

- Violating banking statutes for processing commercial transactions.

45.

That the above conduct constituted grossly negligent behavior that did not comport with reasonable commercial standards for handling customer account transactions in the banking industry.

46.

That the grossly negligent conduct on the part of Wachovia, Hickey, and Adams was the proximate cause of the damages sustained by Theos.

47.

That Plaintiff suffered substantial compensatory damages as a result of the Defendants' conduct.

48.

That Wachovia is vicariously liable for the acts or omissions of Hickey and Adams, who were employees acting within the scope of their employment.

WHEREFORE, with respect to Count Two, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Hickey, and Adams in amount sufficient to compensate Theos for its actual damages; (b) award Theos punitive damages as a result of Wachovia's willful, wanton, and malicious misconduct; (c) afford Theos a trial by jury; and (d) grant Theos any other relief that this Court deems just and proper.

## COUNT THREE

### Fraud

### (against all defendants)

#### 49.

Theos incorporates by reference Paragraphs 1 through 48 as if fully set forth herein.

#### 50.

Upon information and belief, Theos alleges that Pappas, Adams and Hickey willfully, wantonly and knowingly engaged in a pattern of fraudulent activity designed to unlawfully deprive Theos of its money.

#### 51.

In at least forty-four (44) separate instances, Wachovia, Adams and/or Hickey willing, wantonly, knowingly and illegally facilitated unauthorized

withdrawals of Theos' funds to Pappas in cash, or made illegal transfers of Theos' funds to accounts owned or controlled by Pappas.  Specifically:

- On July 24, 2009; a withdrawal by Pappas of $6,500.00 from account #1679, purportedly with a right of withdrawal based upon a forged signature and written notation "per Jerry Fleming";

- On July 25, 2009; a withdrawal by Pappas of $2,600.00 from account #1679, purportedly with a right of withdrawal based upon a written notation "per cm request";

- On July 27, 2009; a withdrawal by Pappas of $3,500.00 from account #1679, purportedly with a right of withdrawal based upon a written notation "per Gerry Fleming", memo of "Kingpins show" and "Kurt Good EXPNY-LA";

- On July 27, 2009; a withdrawal by Pappas of $1,500.00 from account #1679, purportedly with a right of withdrawal based upon a forged signature; "G. F." – memo of "Wendy" and something illegible;

- On July 27, 2009; a withdrawal by Pappas of $6,800.00 from account #1679, purportedly with a right of withdrawal based upon a written notation of "per Gerry Fleming" – memo of  "Dangerous Waters shoot";

- On July 31, 2009; a withdrawal by Pappas of $800.00 from account #1679, purportedly with a right of withdrawal based upon a forged signature "J Fleming", memo of "BOF rep(?)";

- On August 1, 2009; a withdrawal by Pappas of $1800.00 from account # 1679, purportedly with a right of withdrawal based upon a forged signature "Gerry Fleming";

- On August 3, 2009; a withdrawal by Pappas of $1,850.00 from account # 1679, purportedly with a right of withdrawal based upon a written notation "per Gerry Fleming" – memo of "accounting fees" and "CPA/ FML-Boookeep" and "Bal CPA Mark NC(?)";

- On August 3, 2009; a withdrawal by Pappas of $2,500.00 from account # 1679, purportedly with a right of withdrawal based upon the forged signature of "Gerry Fleming" – memo of "swiped" and "Dr. Hayes/Cash loan: Before funding, repaid" and "Cash out";

- On August 3, 2009; a withdrawal by Pappas of $750.00 from account # 1679, purportedly with a right of withdrawal based upon the forged signature of "CFO Gerry Fleming";

- On August 4, 2009; a withdrawal by Pappas of $1,600.00 from account # 1679, purportedly with a right of withdrawal based upon a forged signature of "J Fleming";

- On August 5, 2009; a withdrawal by Pappas of $215.00 from account # 1679, purportedly with a right of withdrawal based upon a forged signature of "Gerry Fleming", memo of "print ink" and "Postr", Wladn" and "KP";

- On August 5, 2009; a withdrawal by Pappas of $650.00 from account # 1679, purportedly with a right of withdrawal based upon a forged signature of "Gerry Fleming" – memo of "print for book" and "Godfather of Night" and "Art Roy Hekn";

- On August 5, 2009; a withdrawal by Pappas of $1,600.00 from account # 1679, purportedly with a right of withdrawal based upon a forged signature of "Gerry Fleming" – memo of "Godfather Book", "N1- Pitch for Abe S" and "John Haginwood";

- On August 8, 2009; Pappas, with the assistance of either Adams or Hickey, closed account #1679, claiming "fraud" and opened account #8486. Pappas was only signatory on this new account. Pappas transferred $116, 215.48 without any authority to close account #1679 or transfer said funds; and in violation of O.C.G.A.§7-1-814;

- On August 10, 2009; a withdrawal by Pappas of $23,500 purportedly with a right of withdrawal based upon a forged signature of "G.F.";

- On August 14, 2009; a withdrawal by Pappas of $450.00 purportedly with a right of withdrawal based upon an illegible signature which looks like a "K", memo of "godfather poster- books";

- On August 14, 2009; a withdrawal by Pappas of $700.00 purportedly with a right of withdrawal based upon an illegible signature, memo of "godfather poster- promo";

- On August 14, 2009; a Debit withdrawal by Pappas of $350.00 purportedly with a right of withdrawal based upon a written notation "per customer request";

- On August 14, 2009; a withdrawal by Pappas of $750.00 with no apparent right of withdrawal at all, memo of "office expenses";

- On August 15, 2009; a withdrawal by Pappas of $880.00 purportedly with a right of withdrawal based upon an illegible signature, which looks like a "K";

- On August 17, 2009; a withdrawal by Pappas of $300.00 purportedly with a right of withdrawal based upon an illegible signature, which looks like a "K", memo of "to Jaerdan (?)/books";

- On August 17, 2009; a withdrawal by Pappas of $925.00  purportedly with a right of withdrawal based upon an illegible signature, memo of "operation expenses";

- On August 18, 2009; a withdrawal by Pappas of $750.00 purportedly with a right of withdrawal based upon a written notation of "per customer request", memo of "office expenses";

- On August 18, 2009; a withdrawal by Pappas of <u>$450.00</u> purportedly with a right of withdrawal based upon an illegible signature which looks like a "K", memo of "book signing expenses";

- On August 19, 2009; a withdrawal by Pappas of <u>$400.00</u>;

- On August 20, 2009; a withdrawal by Pappas of <u>$1300.00</u> purportedly with a right of withdrawal based on a written notation of "per cm request by phone";

- On August 20, 2009; a withdrawal by Pappas of <u>$1300.00</u> purportedly with a right of withdrawal based on a written notation "per cm request by phone", memo of "medical ins";

- On August 21, 2009; a withdrawal by Pappas of <u>$700.00</u> purportedly with a right of withdrawal based on a written notation of "per cm request cash withdrawal";

- On August 22, 2009; a withdrawal by Pappas of <u>$500.00</u> purportedly with a right of withdrawal based on an illegible signature;

- On August 22, 2009; a withdrawal by Pappas of <u>$500.00</u> purportedly with a right of withdrawal based on an illegible signature.;

- On August 24, 2009; a withdrawal by Pappas of <u>$500.00</u>;

- On August 24, 2009; a Debit withdrawal by Pappas of <u>$700.00</u>;

- On August 26, 2009; a withdrawal by Pappas of $1900.00 purportedly with a right of withdrawal based on a written notation of "per cm request";

- On August 26, 2009; a Debit withdrawal by Pappas of $700.00 marked "prepared by Finley" and purportedly with a right of withdrawal based on a written notation of "per cm request cash withdrawal";

- On August 28, 2009; a withdrawal by Pappas of $1,900.00 purportedly with a right of withdrawal based on a written notation of "per customer request", memo of "travel expenses";

- On August 28, 2009; a withdrawal by Pappas of $455.00 purportedly with a right of withdrawal based on an illegible signature", memo of "swiped";

- On August 28, 2009; a withdrawal by Pappas of $455.00;

- On August 31, 2009; a withdrawal by Pappas of $1575.00 purportedly with a right of withdrawal based on an illegible signature";

- On September 1, 2009; a withdrawal by Pappas of $1900.00 purportedly with a right of withdrawal based on an illegible signature", memo of "swiped";

- On September 1, 2009; a withdrawal by Pappas of $1,900.00.

- On September 8, 2009; a withdrawal by Pappas of $250.00.

- On September 30, 2009; a withdrawal by Pappas of $17,500.00.

- On October 7, 2009; a Debit withdrawal by Pappas of $6,540.85.

52.

In each and every instance, *supra*, an authorization for these withdrawals was made by a Wachovia employee.

53.

As a direct and proximate result of Wachovia, Pappas, Adams and Hickey's racketeering activity, Theos suffered injury to its business and property.

WHEREFORE, with respect to Count Three, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Pappas, Adam and Hickey in an amount sufficient to compensate Theos for its actual damages; (b) award Theo interest in an amount sufficient to compensate Theos for its actual damages; (c) award Theos punitive damages as a result of Wachovia, Pappas, Adams and Hickey's willful, wanton, and malicious misconduct; (c) afford Theos a trial by jury; (d) and grant Theos any other relief that this Court deems just and proper.

## **COUNT FOUR**

### **CIVIL RICO 18 U.S.C. §1962(c)**

### **(against all defendants)**

54.

Plaintiff Theos incorporates by reference Paragraphs 1 through 53 as if fully set forth herein.

55.

Upon information and belief, Theos alleges that Wachovia, Pappas, Adams and Hickey are "persons" who were part of an "association-in-fact" enterprise as defined under 18 U.S.C., § 1961(4) which enterprise affects interstate commerce. Such "association in fact" was an organization organized for the common purpose of perpetrating a fraudulent and illegal scheme of conspiring to, and committing, the embezzlement of Theos' money which had been deposited with Wachovia. Such enterprise was controlled by Pappas and regularly carried out its function of perpetrating Pappas' fraudulent and illegal scheme.

56.

Upon information and belief, Theos alleges that Pappas, Adams and Hickey willfully, wantonly and knowingly engaged in a pattern of racketeering activity designed to unlawfully deprive Theos of its money.  In at least forty-four (44) separate instances, outlined *supra*, all of which were unauthorized withdrawals of Theos' funds, Adams, Hickey and Wachovia facilitated the giving of Theos' fund to Pappas in cash, or facilitated transfers of Theos' funds to accounts owned or controlled by Pappas.

57.

Upon information and belief, Theos alleges that Pappas was the beneficiary of this scheme and that Adams and Hickey assisted him in the theft of Theos'

monies by using their position as employees of Wachovia to knowingly authorize unlawful withdrawals, by ignoring complaints of unauthorized transactions and by concealing efforts and possible remedies to report those unauthorized and unlawful withdrawals to Wachovia's fraud department.

58.

Upon information and belief, Theos alleges that Pappas made repeated open-ended verbal threats of violence to employees of Theos if additional financial demands were not provided.

59.

Pappas, Adams and Hickey are persons employed by or associated with an enterprise described in this Complaint.

60.

Pappas, Adams and Hickey and Wachovia have conducted or participated, directly or indirectly, in the conduct of the affairs of an enterprise described in this Complaint through at least two acts of "racketeering activity," including wire fraud, bank fraud and embezzlement which is defined as "racketeering activity" under 18 U.S.C. §1961(l).

As a direct and proximate result of Wachovia, Pappas, Adams and Hickey's racketeering activity, Theos suffered injury to its business and property.

WHEREFORE, with respect to Count Four, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Adams and Hickey in an amount sufficient to compensate Theos for its actual damages; (b) award Theos three times the amount of its actual damages; (c) award Theos all its reasonable attorney's fees and costs for bringing this action; (d) afford Theos a trial by jury; and (e) grant Theos any other relief that this Court deems just and proper.

## COUNT FIVE

### CIVIL RICO CLAIMS 18 U.S.C. §1343

### (against all Defendants)

61.

Theos incorporates by reference Paragraphs 1 through 60 as if fully set forth herein.

62.

Upon information and belief, Theos alleges that all Defendants have committed wire fraud by using the wires of the United States to make wire transfers of funds from Theos' business accounts to Pappas' personal account on at least 8 separate occasions.

63.

Additionally, upon information and belief, Theos alleges that Pappas, Adams and Hickey have committed wire fraud by using telephonic devices, and

thus the wires of the United States, to conspire amongst themselves how best to perpetrate their fraudulent schemes to defraud Theos.

64.

Furthermore, upon information and belief, Theos alleges that Pappas, Adams and Hickey conspired to unlawfully transfer funds held by Wachovia from Theos' accounts to Pappas' personal account on at least eight (8) separate occasions; specifically:

- On July 29, 2009, a wire transfer of $5,275.00 to Pappas' personal account #xxxx-1666.

- On August 13, 2009, a wire transfer of $1800.00 to Pappas' personal account #xxxx-1666.

- On August 17, 2009, a wire transfer of $350.00 to Pappas' personal account #xxxx-1666.

- On August 19, 2009, a wire transfer of $375.00 to Pappas' personal account #xxxx-1666.

- On August 20, 2009, a wire transfer of $405.00 to Pappas' personal account #xxxx-1666.

- On August 24, 2009, a wire transfer of $500.00 to Pappas' personal account #xxxx-1666.

- On September 8, 2009, a wire transfer of $250.00 to Pappas' personal account #xxxx-1666.

- On September 30, 2009, a wire transfer of $17,500.00 to Pappas' personal account #xxxx-1666.

### 65.

Upon information and belief, Theos avers that at the time of these transfers, Pappas had no right or authority to make those transfers into his personal account and that Hickey and Adams knew that Pappas was not an authorized signatory on Theos' accounts at the time the transfers were made; yet they still willfully, wantonly, knowingly, and unlawfully facilitated these illegal transfers.

### 66.

As a direct and proximate result of Wachovia, Adams and Hickey's racketeering activity, Theos suffered injury to its business and property.

WHEREFORE, with respect to Count Five, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against all in an amount sufficient to compensate Theos for its actual damages; (b) award Theos three times the amount of its actual damages; (c) award Theos all its reasonable attorney's fees and costs for bringing this action; (d) afford Theos a trial by jury; and (e) grant Theos any other relief that this Court deems just and proper.

### **COUNT SIX**

## CIVIL RICO CLAIMS 18 U.S.C. §1344(2)

### (against Defendant Wachovia, Adams and Hickey)

67.

Theos incorporates by reference Paragraphs 1 through 66 as if fully set forth herein.

68.

Upon information and belief, Theos alleges that Wachovia, Adams and Hickey have committed bank fraud by using the Wachovia's internal systems to facilitate the transfer of funds from Theos' business accounts to Pappas' personal account on at least 8 separate occasions, *supra,* using forged documents, to illegally obtain money under the custody or control of a financial institution by means of false or fraudulent pretenses or representations.

69.

As a direct and proximate result of Wachovia, Adams and Hickey's racketeering activity, Theos suffered injury to its business and property.

WHEREFORE, with respect to Count Six, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Adams and Hickey in an amount sufficient to compensate Theos for its actual damages; (b) award Theos three times the amount of its actual damages; (c) award Theos all its

reasonable attorney's fees and costs for bringing this action; (d) afford Theos a trial by jury; and (e) grant Theos any other relief that this Court deems just and proper.

## COUNT SEVEN

## CIVIL RICO CLAIMS 18 U.S.C. §650

### (against Defendants Wachovia, Adams and Hickey)

70.

Theos incorporates by reference Paragraphs 1 through 69 as if fully set forth herein.

71.

Upon information and belief, Theos alleges that Wachovia, Adams and Hickey have committed embezzlement as defined under 18 U.S.C. §650 by failing to safeguard Theos' money which was deposited with Wachovia.

72.

As a direct and proximate result of Wachovia, Adams and Hickey's racketeering activity, Theos suffered injury to its business and property.

WHEREFORE, with respect to Count Seven, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Adams and Hickey in an amount sufficient to compensate Theos for its actual damages; (b) award Theos three times the amount of its actual damages; (c) award Theos all its reasonable attorney's fees and costs for bringing this action; (d) afford Theos a

trial by jury; and (e) grant Theos any other relief that this Court deems just and proper.

## COUNT EIGHT

### CIVIL RICO CLAIMS 18 U.S.C. §656

### (against Defendants Wachovia, Adams and Hickey)

73.

Theos incorporates by reference Paragraphs 1 through 72 as if fully set forth herein.

74.

Upon information and belief, Theos alleges that Adams and Hickey, while employees of and acting on behalf of Wachovia, embezzled, purloined or willfully misapplied funds entrusted to the custody or care of Wachovia as defined under 18 U.S.C. §650 by failing to safeguard Theos' deposits and by illegally transferring funds from Theos' business accounts to Pappas' personal account on at least 8 separate occasions, *supra*, which are predicate acts and racketeering activity as defined by 18 U.S.C §1961-1968.

75.

As a direct and proximate result of Wachovia, Adams and Hickey's racketeering activity, Theos suffered injury to its business and property.

WHEREFORE, with respect to Count Eight, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Adams and Hickey in an amount sufficient to compensate Theos for its actual damages; (b) award Theos three times the amount of its actual damages; (c) award Theos all its reasonable attorney's fees and costs for bringing this action; (d) afford Theos a trial by jury; and (e) grant Theos any other relief that this Court deems just and proper.

## COUNT NINE

### CIVIL RICO CLAIMS 18 U.S.C. 1030

### (against Defendants Wachovia, Adams and Hickey)

76.

Theos incorporates by reference Paragraphs 1 through 75 as if fully set forth herein.

77.

Upon information and belief, Theos alleges that Adams and Hickey, while employees of and acting on behalf of Wachovia, intentionally accesses a computer without authorization or exceeded authorized access, and thereby obtained information contained in a financial record of a financial institution and information from a protected computer; as defined under 18 U.S.C. §1030 *et seq.* by using Wachovia's computers to illegally transfer funds from Theos' business

accounts to Pappas' personal account on at least 8 separate occasions, *supra*, which are predicate acts and racketeering activity as defined by 18 U.S.C §1961-1968.

78.

As a direct and proximate result of Wachovia, Adams and Hickey's racketeering activity, Theos suffered injury to its business and property.

WHEREFORE, with respect to Count Nine, Theos respectfully requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Adams and Hickey in an amount sufficient to compensate Theos for its actual damages; (b) award Theos three times the amount of its actual damages; (c) award Theos all its reasonable attorney's fees and costs for bringing this action; (d) afford Theos a trial by jury; and (e) grant Theos any other relief that this Court deems just and proper.

## <u>COUNT TEN</u>

### <u>Georgia RICO - O.C.G.A. § 16-14-4(a) & (b)</u>

### <u>(against all defendants)</u>

79.

Theos incorporates by reference Paragraphs 1 through 78 as if fully set forth herein.

80.

Pappas, Adams and Hickey are an "enterprise" within the meaning of O.C.G.A. §16-14-3(b), which affects commerce in the State of Georgia and elsewhere.

81.

Alternatively, Pappas, Adams and Hickey operated as an "association in fact," which comprise an "enterprise" within the meaning of O.C.G.A. §16-14-3(6), which affects commerce in the State of Georgia and elsewhere.

82.

Such "association in fact" is an ongoing organization organized for the common purpose of perpetrating Pappas, Adams and Hickey fraudulent and illegal scheme of obtaining Theos' money. Such enterprise was controlled by Pappas and regularly carried out its function of perpetrating Pappas' fraudulent and illegal schemes.

83.

Pappas, through a pattern of racketeering activity, acquired and maintained, directly or indirectly, an interest in or control of personal property including money. Such pattern of racketeering activity included at least two acts of "racketeering activity," including wire fraud, which is defined as "racketeering activity" under O.C.G.A. §16-14-3(9)(A)(xxix) and 18 U.S.C. §1961(1)(B).

84.

Pappas, Adams and Hickey were employed by or associated with an enterprise described in this Complaint.

85.

Pappas, Adams and Hickey conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through at least two acts of "racketeering activity," including wire fraud, which is defined as "racketeering activity" under O.C.G.A. §16-14-3(9)(A)(xxix) and 18 U.S.C. §1961(1)(B).

86.

Pappas, Adams and Hickey conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through at least two acts of "racketeering activity," including forgery, which is defined as "racketeering activity" under O.C.G.A. §16-14-3(9)(A)(viii) and 18 U.S.C. §1961(1)(B).

87.

Pappas, Adams and Hickey conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through at least two acts of "racketeering activity," including theft, which is defined as "racketeering activity" under O.C.G.A. §16-14-3(9)(A)(ix) and 18 U.S.C. §1961(1)(B).

88.

Pappas, Adams and Hickey conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through at least two acts of

"racketeering activity," including wire fraud, which is defined as "racketeering activity" under O.C.G.A. §16-14-3(9)(B) and 18 U.S.C. §1961(1)(B).

89.

Every time that Pappas called or instructed others to call Wachovia, Adams and/or Hickey to fraudulently obtain Theos' funds, Defendant Pappas committed wire fraud in violation of 18 U.S.C. § 1343.

90.

Wachovia, Adams and/or Hickey intentionally participated in a scheme to defraud Theos of its money.

91.

The scheme involved obtaining Theos' funds from the safe keeping of Wachovia, by Adam and/ or Hickey by fraudulent and deceptive means, and then unlawfully passing the funds to Pappas via either an exchange of cash money or a transfer of Theos' funds to an account, which was owned or controlled by Pappas.

92.

Wachovia, Pappas Adams and Hickey had the specific intent to defraud Theos.

93.

Wachovia, Pappas Adams and Hickey used wires, specifically the telephone, in furtherance of the scheme. Such actions directly and proximately caused

damage to Theos, which reasonably relied to its detriment on Wachovia material misstatements that Theos' money was being safeguarded while on deposit with Wachovia.

94.

Wachovia, Pappas Adams and Hickey used wires, specifically the computer, in furtherance of the scheme.  Such actions directly and proximately caused damage to Theos, which reasonably relied to its detriment on Wachovia material misstatements that Theos' money was being safeguarded while on deposit with Wachovia.

95.

Each instance in which Wachovia, Pappas Adams and Hickey or the other Wachovia employees used the telephone in connection with their scheme constitutes a separate predicate act.

96.

Each instance in which Wachovia, Pappas Adams and Hickey or their employees used the computer in connection with their scheme constitutes a separate predicate act.

97.

In the course of carrying out their scheme, Wachovia, Pappas Adams and Hickey committed fraud against Theos.

98.

By withholding knowledge about and refusing to communicate that there were procedures in place to report the ongoing unauthorized transactions, the other teller employees of Wachovia have made numerous misrepresentations of material fact.

99.

These misrepresentations were known by Adams and Hickey and the other Wachovia employees to be false when made.

100.

By referring Theos' Chief Financial Officer, Gerald (Gerry) Fleming, to Adams and Hickey when he complained of ongoing unauthorized transactions, the other teller employees of Wachovia conspired to hide Adams and Hickey's fraudulent actions from being reported.

101.

The misrepresentations made by Wachovia, Pappas, Adams and Hickey were made for the sole purpose of inducing Theos to not act.

102.

Theos reasonably relied upon Wachovia's teller employees and Adams and Hickey to its detriment and has been irreparably harmed and damaged as a result.

103.

Upon information and belief, Theos alleges that other employees of Wachovia conspired with and assisted Adams and Hickey in making at least one of the forty-four (44) unauthorized withdrawals outlined *supra*. (See August 26, 2009, withdrawal of $700.00, marked "prepared by Finley").

104.

Wachovia, Adams and Hickey's discrete acts of racketeering activity constitute a pattern of racketeering activity in that Wachovia, Adams and Hickey's committed at least two incidents of racketeering activity that had the same or similar purposes, results, participants, victims, or methods of commission.

105.

Because Pappas unlawfully acquired money through a pattern of racketeering activity in violation of O.C.G.A. § 16-14-4(a), and because Wachovia, Pappas, Adams and Hickey conducted and/or participated in the affairs of an enterprise through a pattern of racketeering activity in violation of 16-14-4(b), and because Theos was directly injured by Wachovia, Pappas, Adams and Hickey's unlawful conduct, Theos seeks three times the amount of actual damages, attorney's fees and investigative expenses, plus punitive damages in an amount sufficient to punish Wachovia, Pappas, Adams and Hickey.

106

As a result of Wachovia, Adams and Hickey's misrepresentations, Theos has suffered damages in an amount to be proven at trial.

107.

As a direct and proximate result of Wachovia, Pappas, Adams and Hickey's racketeering activity, Theos has suffered injury to its business and property.

WHEREFORE, with respect to Count Ten, Theos respectful requests that this Court: (a) enter judgment in favor of Theos and against Wachovia, Pappas, Adams and Hickey in an amount sufficient to compensate Theos for its actual damages; (b) award Theos three times the amount of its actual damages; (c) award Theos punitive damages as a result of Wachovia, Pappas, Adams and Hickey  That be ordered to pay Theos compensatory and punitive damages, together with interest thereon; (e) That Theos be afforded a trial by jury on all issues so triable; and (f) That Theos be granted such other and further legal and equitable relief against as the Court deems appropriate.

WHEREFORE, Theos prays for judgment be entered in its favor and against Defendants on all counts, and that the Court order as follows:

(a)     That Defendants be ordered to pay Theos compensatory and punitive damages, together with interest thereon;

(b)     That Defendants be ordered to pay Theos three times the actual damages for all violations;

(c)     That Theos be afford a trial by jury on all issues so triable

(d)     That Theos be granted any and all other legal relief against

Defendants as the Court deems appropriate including costs and reasonable

attorneys fees incurred in bringing this action.

Respectfully submitted, this 25th day of July, 2011.

Jonathan Akly
Georgia Bar No. 345540
Attorney for Plaintiff

Akly Law Group, LLC
6017 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 936-1791
(404) 252-1257

## FONT CERTIFICATION

The undersigned further certifies that this document has been prepared in Times New Roman, 14 point type, in accordance with Local Rule 5.1B.

This 25th day of July, 2011.

Jonathan Akly
Georgia Bar No. 345540
Counsel for Plaintiff


Akly Law Group, LLC
6017 Sandy Springs Circle
Atlanta, Georgia 30328
Telephone: 404-252-1241
Facsimile: 404-252-1257